NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. CONTRERAS,<br><br>  Petitioner,<br><br> vs.<br><br>J. DAVIS, et al.,<br><br>  Respondents. | No. C 07-3611 JF (PR)<br><br>ORDER TO SHOW CAUSE;<br>ORDER DENYING<br>PETITIONER'S MOTION TO<br>PROCEED IN FORMA<br>PAUPERIS AS MOOT<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board's") decision denying him parole. The Court denies Petitioner's motion to proceed in forma pauperis as moot because Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

A Los Angeles Superior Court jury convicted Petitioner of second degree murder with the use of a firearm (Cal. Penal Code §§ 187, 12022.5(a)). Petitioner challenges the Board of Prison Terms' failure to grant parole at his December 2005 parole suitability hearing. Petitioner filed three state habeas petitions in the state superior court, state

1  appellate court and state supreme court, all of which were denied as of June 13, 2007.
2  Petitioner filed the instant federal habeas petition on July 12, 2007.

## DISCUSSION

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.  Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) the Board's denial of a parole date for the fourth time based on Petitioner's conduct prior to imprisonment to justify denial of parole violates Petitioner's liberty interest in parole and expectation in receiving a parole date in violation of due process of law under the Fourteenth Amendment; (2) the commitment offense does not rise to the level of "especially heinous atrocious or cruel manner" to justify a parole denial for the fourth time; and (3) there is no evidence to support the finding that Petitioner has an unstable social history or that Petitioner is a current "risk" to be paroled.  See Petition at 6-A.  Liberally construed, Petitioner's allegations are sufficient to require a response.  The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.  Petitioner's motion to proceed in forma pauperis (docket no. 2) is DENIED as moot because Petitioner has paid the filing fee

2.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.

1    The Clerk shall also serve a copy of this order on the Petitioner.

2    3.    Respondent shall file with the Court and serve on Petitioner, within **sixty**
3    **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
4    Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
5    not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of
6    all portions of the state parole record that have been transcribed previously and that are
7    relevant to a determination of the issues presented by the petition.

8    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
9    with the Court and serving it on Respondent within **thirty days** of his receipt of the
10   answer.

11   4.    Respondent may file a motion to dismiss on procedural grounds in lieu of
12   an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules
13   Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
14   with the Court and serve on Respondent an opposition or statement of non-opposition
15   within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
16   serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

17   5.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
18   that all communications with the Court must be served on respondent by mailing a true
19   copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
20   parties informed of any change of address by filing a separate paper captioned "Notice of
21   Change of Address."  He must comply with the Court's orders in a timely fashion.
22   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
23   to Federal Rule of Civil Procedure 41(b).

24   IT IS SO ORDERED.
25   DATED: 12/3/07
           JEREMY FOGEL
26         United States District Judge

27
28

1  A copy of this ruling was mailed to the following:

2

3  Samuel R. Contreras
   H-70748
   CTF -Central
4  P.O. Box 689
   Soledad, CA  93960-0689

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause; Order Denying Petitioner's Motion to Proceed in Forma Pauperis as Moot
P:\pro-se\sj.jf\hc.07\Contreras611osc            4