1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5774
     Fax:  (415) 703-5843
8    Email:  Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Acting Warden B. Curry

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15  SAMUEL R. CONTRERAS,                C07-3611 JF (PR)

16                      Petitioner,     **ANSWER TO PETITION FOR
                                        WRIT OF HABEAS CORPUS;
17            v.                        MEMORANDUM OF POINTS AND
                                        AUTHORITIES**
18  J. DAVIS, et al.,

19                      Respondents.    Judge:  The Honorable Jeremy Fogel

20

21

22

23

24

25

26

27

28

Answer; Mem. of P.&A.                              *Contreras v. Davis*
                                                   C07-3611 JF (PR)

1

# TABLE OF CONTENTS

2

Page

3  ANSWER ........................................................................................................ 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ................................. 6

5  ARGUMENT ................................................................................................. 6

6  I.   THE STATE COURT DECISION WAS NOT CONTRARY TO, OR AN
        UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED
7       FEDERAL LAW, NOR BASED ON AN UNREASONABLE
        DETERMINATION OF THE FACTS; THEREFORE, THE PETITION
8       MUST BE DENIED. ............................................................................. 6

9  II.  SOME-EVIDENCE IS NOT CLEARLY ESTABLISHED FEDERAL
        LAW, BUT EVEN IF IS, PETITIONER'S HABEAS PETITION MUST
10      BE DENIED BECAUSE THE STATE COURT FOUND THAT THERE
        WAS SOME EVIDENCE TO SUPPORT THE PAROLE DENIAL. .......... 7

11

12      A.   The Some-Evidence Standard of Review Is Not Clearly Established
             Federal Law. ................................................................................ 7
13
        B.   The State Court Properly Found that the Board's Decision Is Supported
14           by Some Evidence. ....................................................................... 8

15  CONCLUSION .............................................................................................. 11

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3 Cases

4

*Baja v. Ducharme*
5 187 F.3d 1075 (9th Cir. 1999)                                                                 5

6 *Carey v. Musladin*
__U.S.__, 127 S. Ct. 649 (2006)                                                          8, 9
7

*Crater v. Galaza*
8 491 F.3d 1119 (9th Cir. 2007)                                                            8

9 *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979)                                                                         5, 7, 8
10

*McQuillion v. Duncan*
11 306 F.3d 895 (9th Cir. 2002)                                                            7

12 *Miller-El v. Cockrell*
537 U.S. 322 (2003)                                                                      9
13

*Price v. Vincent*
14 538 U.S. 634 (2003)                                                                    6, 7

15 *Sass v. California Board of Prison Terms*
461 F.3d 1123 (9th Cir. 2006)                                                          5, 7
16

*Schriro v. Landrigan*
17 __ U.S. __, 127 S. Ct. 1933 (2007)                                                  8, 9

18 *Superintendent v. Hill*
472 U.S. 445 (1985)                                                                    7, 9
19

*Williams v. Taylor*
20 529 U.S. 362 (2000)                                                                   9

21 *Wolff v. McDonnell*
418 U.S. 539 (1974)                                                                    8
22

Woodford v. Viscotti
23 537 U.S. 19 (2002)                                                                    6

24 *Wright v. Van Patten*
__S.Ct.__, 2008 WL 59980 *3-4 (Jan. 7, 2008)                                        7, 9
25

*Ylst v. Nunnemaker*
26 501 U.S. 797 (1991)                                                                   6

27 ///

28 ///

Answer; Mem. of P.&A.

**TABLE OF AUTHORITIES  (continued)**

Page

**Regulations**

California Code of Regulations, Title 15
§ 2402(b)                                                       10
§ 2402(c)                                                       10

**Statutes**

28 United States Code
§ 2254                                                            5
§ 2254(d)                                                      6-11

**Other Authorities**

Antiterrorism and Effective Death Penalty Act (AEDPA)            5

1　EDMUND G. BROWN JR.
　Attorney General of the State of California
2　DANE R. GILLETTE
　Chief Assistant Attorney General
3　JULIE L. GARLAND
　Senior Assistant Attorney General
4　ANYA M. BINSACCA
　Supervising Deputy Attorney General
5　STACEY D. SCHESSER, State Bar No. 245735
　Deputy Attorney General
6　 455 Golden Gate Avenue, Suite 11000
　 San Francisco, CA  94102-7004
7　 Telephone:  (415) 703-5774
　 Fax:  (415) 703-5843
8　 Email:  Stacey.Schesser@doj.ca.gov

9　Attorneys for Respondent Acting Warden B. Curry

10

11　　　　　IN THE UNITED STATES DISTRICT COURT

12　　　　FOR THE NORTHERN DISTRICT OF CALIFORNIA

13　　　　　　　　SAN JOSE DIVISION

14

15　SAMUEL R. CONTRERAS,　　　　　　　C07-3611 JF (PR)

16　　　　　　　　　　Petitioner,　　**ANSWER TO PETITION FOR
　　　　　　　　　　　　　　　　　WRIT OF HABEAS CORPUS;
17　　　　　v.　　　　　　　　　　　　MEMORANDUM OF POINTS AND
　　　　　　　　　　　　　　　　　AUTHORITIES**

18　J. DAVIS, et al.,

19　　　　　　　　　　Respondents.　　Judge:  The Honorable Jeremy Fogel

20

21　　　Pursuant to the Court's December 4, 2007 Order to Show Cause, Respondent files this

22　Answer, with supporting Memorandum of Points and Authorities, in response to Petitioner

23　Samuel Contreras's Petition for Writ of Habeas Corpus.

24　　　　　　　　　　　　　　**ANSWER**

25　　　Respondent Ben Curry, Acting Warden of the Correctional Training Facility, states, denies,

26　and affirmatively alleges:

27　　　.1.　Petitioner Contreras has been in the lawful custody of the California Department of

28　Corrections and Rehabilitation since his 1993 conviction for second-degree murder when the jury

Answer; Mem. of P.&A.　　　　　　　　　　　　　　　　*Contreras v. Davis*
　　　　　　　　　　　　　　　　　　　　　　　　　　C07-3611 JF (PR)

1  also found true that Petitioner was armed with a firearm at the commission of the offense. (Ex. 1

2  - J. & Abstract of J.) Petitioner is serving a seventeen-year-to-life sentence: fifteen years for the

3  second-degree murder, and two years for being armed. (*Id.*)

4      2.  In the current proceeding, Petitioner is challenging the Board of Parole Hearings'

5  December 2005 decision denying him parole.

6      3.  On December 14, 2005, Petitioner appeared before the Board for a subsequent parole

7  consideration hearing. (Ex. 2 - Dec. 2005 Hr'g Tr.) At the conclusion of the hearing, and after

8  deliberation, the Board concluded that Petitioner was not yet suitable for parole and would pose

9  an unreasonable risk of danger to society or a threat to public safety if released from prison. (*Id.*

10  at 69.) The Board's decision was based on the circumstances of Petitioner's commitment

11  offense, and his unstable social history. (*Id.* at 69-82.) The Board also noted the District

12  Attorney's opposition to Petitioner's parole. (*Id.* at 75.)

13      In a separate decision, the Board also found that it would be unreasonable to find Petitioner

14  suitable for parole in the next two years based on his commitment offense, his unstable social

15  history, his prior criminality, his failure to accept full responsibility for the offense by

16  minimizing his role in the murder, and his lack of insight into the reason for the murder and his

17  prior extensive drug use. (Ex. 2 at 72-74, 76-78.)

18      Although finding him unsuitable for parole, the Board also commended him for his

19  accomplishments in prison, including his vocational certifications and lack of significant serious

20  rules violation reports, and his good parole plans. (Ex. 2 at 74-75, 79-80.)

21      4.  At the December 2005 hearing, the Board considered the circumstances of Petitioner's

22  commitment offense as set forth in the February 2004 report to the Board, and as further

23  explained by Petitioner at the hearing:

24      On December 9, 1989, victim Octaviano Hernandez and two friends went to the 7-Eleven

25  store to buy some beer. The victim stayed in the back seat while his two friends entered the

26  store. At about the same time, Petitioner and four friends also drove to the same 7-Eleven store

27  to buy beer. While both groups were at the store, a gang confrontation developed. (Ex. 2 at 13-

28  14, 58-61; Ex. 3 Feb. 2004 Life Eval. Report; Ex. 4 - July 1994 Ct. of App. Decision Affirming

Answer; Mem. of P.&A.

*Contreras v. Davis*
C07-3611 JF (PR)

2

1  Conviction; Ex. 5 - Probation Officer's Report at 2; Ex. 6 - Nov. 2004 Memo re Probation

2  Officer's Report.)

3      Someone from the victim's car yelled "Playboys," and Petitioner's friend Robert Cruz yelled

4  "Fuck Playboys. This is Eighteenth Street." (Ex. 2 at 13; Ex. 3 at 1; Ex. 4 at 3.) From the back

5  seat, the victim yelled "This is how we get respect," then two of Petitioner's friends opened the

6  door to the other car and began arguing and fighting with the victim. (*Id.*) Then the victim hit

7  Petitioner's friend Andres Arellanos in the head with a bottle. (Ex. 2 at 15; Ex. 4 at 3.) As

8  Petitioner was coming out of 7-Eleven, he saw the altercation between the two groups, and saw

9  blood running down the side of his friend's face. (*Id.*; Ex. 3 at 2.) Petitioner retrieved his gun

10  from the car, and shot the victim twice in the abdomen. (*Id.*)

11      The 2004 Board report states that Petitioner and one of his friends began attacking the

12  victim, but Petitioner denied being involved in a physical altercation. (Ex. 2 at 11, 14.)

13      5.    When asked why Petitioner shot the victim, Petitioner replied that it was due to his

14  immaturity, and other things that happened or was happening in his life: his father and two

15  brothers were killed, he himself had been stabbed and hospitalized, he was separated from his

16  wife and going through a divorce at the time, and he was using drugs. (Ex. 2 at 16-18.)

17      6.    When asked by the panel to give a little more thought as to why he committed the

18  offense, Petitioner testified that he never intended to kill the victim, just to immobilize him by

19  shooting his leg. (Ex. 2 at 18-19.) He also testified that he thought he had missed the victim

20  after the first shot, and so he shot the victim again. (*Id.*)

21      7.    Petitioner denied being a member or an associate of a gang, but admitted that two of

22  the people he was with on the night of the offense were involved in a gang. (Ex. 2 at 19-20.)

23      8.    In addition to the commitment offense, the Board discussed with Petitioner his social

24  history, including his adult criminal record, his alcohol problem, family background, his married

25  life, and his drug use; his parole plans and support letters; his in-prison programming, such as his

26  vocational certifications, the educational achievements, his minor misconduct reports, and his

27  participation in self-help programs; the reports to the Board; and the psychological evaluation

28  reports. (Ex. 2 at 13-61; Ex. 7 - May 2005 Life Prisoner Eval. Report; Ex. 8 - Addendum to

Answer; Mem. of P.&A.                                                    *Contreras v. Davis*
                                                                         C07-3611 JF (PR)

3

1   Board Report.)  The Board also explored Petitioner's insight, and responsibility for the offense.

2   (*Id.*)  Thus, the Board gave Petitioner individualized consideration of all relevant suitability and

3   unsuitability circumstances at the December 2005 hearing.

4       9.   Petitioner's adult criminal record consists of a 1987 arrest and conviction for driving

5   with a suspended license, and driving without a valid license, and an arrest and convicted in 1989

6   for driving with a suspended license.  (Ex. 2 at 21-22; Ex. 3 at 3; Ex. 5 at 5.)  Petitioner had his

7   driving license suspended three times for reckless driving while intoxicated.  (Ex. 2 at 22.)

8       10.   Petitioner's substance abuse began with his use of Black Beauties on a regular basis at

9   age thirteen.  (Ex. 2 at 29; Ex. 5 at 6.)  Petitioner also used marijuana, PCP, cocaine, and alcohol.

10   (*Id.*)  In addition to Black Beauties, Petitioner admitted that he was addicted to cocaine, and used

11   it on a regular basis until his commitment offense.  (*Id.*)  Petitioner was under the influence of

12   alcohol and cocaine at the time of the offense.  (*Id.* at 29-30.)

13       11.   At the December 2005 hearing, the Board considered the positive psychological

14   evaluation report prepared by Dr. Reed.  (Ex. 2 at 53-58; Ex. 9- Nov. 2003 Psy. Eval. Report.)

15       12.   The District Attorney's Office's opposed parole for Petitioner.  (Ex. 2 at 61-62.)

16       13.   After being denied parole, Petitioner filed a habeas corpus petition in the Los Angeles

17   County Superior Court challenging the Board's 2005 decision.  In a reasoned decision, the

18   superior court denied the petition finding some evidence for the Board's decision.  (Ex. 10.)

19       14.   Petitioner also challenged the Board's decision in the California Court of Appeal, and

20   the court of appeal denied his petition finding some evidence in support of the Board's decision.

21   (Ex. 11.)  Petitioner next challenged the Board's decision in a Petition for Review filed with the

22   California Supreme Court, and his petition was summarily denied.  (Ex. 12.)

23       15.   Respondent admits that Petitioner exhausted his state remedies regarding the Board's

24   December 2005 decision.  Respondent denies, however, that he has exhausted his claims to the

25   extent they are more broadly interpreted to encompass any systemic issues beyond this parole

26   review.

27       16.   Respondent admits that Petitioner's habeas petition is timely and that his petition is not

28   otherwise procedurally barred.

Answer; Mem. of P.&A.

*Contreras v. Davis*
C07-3611 JF (PR)

1    17.    Respondent denies and reserves the argument that Petitioner is entitled to federal

2    habeas relief under 28 U.S.C. § 2254 because California inmates do not have a federally

3    protected liberty interest in parole release and the state court decisions are not contrary to clearly

4    established federal law as determined by the United States Supreme Court.  Although the Ninth

5    Circuit has held to the contrary in *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th

6    Cir. 2006), this circuit court decision is not clearly established federal law for purposes of the

7    Antiterrorism and Effective Death Penalty Act (AEDPA).

8    18.    Even if Petitioner has a federal liberty interest in parole release, he received all the due

9    process to which he is entitled under clearly established federal law because he received an

10    opportunity to be heard by the Board and a statement of reasons for the Board's decision.

11    *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979).  (Ex. 2.)  And

12    even if he was entitled to more process than provided for under *Greenholtz* such that the Board's

13    decision must be supported by some evidence in the record, the state court properly found that

14    the Board's decision to deny Petitioner's parole was supported by some evidence in the record

15    (ex. 10-12) and the state court decision is entitle to deference under AEDPA.

16    19.    Respondent denies that Petitioner's federal due process rights were violated in

17    connection with the Board's December 2005 decision.

18    22.    Respondent submits that an evidentiary hearing is not necessary because the claims can

19    be resolved on the existing state court record.  *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.

20    1999).

21    23.    Petitioner fails to state or establish any grounds for habeas corpus relief.

22    For the reasons stated in this Answer and in the Memorandum of Points and Authorities,

23    Respondent requests that the Court deny the petition.

24    \\\

25    \\\

26    \\\

27

28

Answer; Mem. of P.&A.

1            **MEMORANDUM OF POINTS AND AUTHORITIES**

2                             **ARGUMENT**

3                                  **I.**

4    **THE STATE COURT DECISION WAS NOT CONTRARY TO, OR AN**
      **UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL**

5    **LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE**
      **FACTS; THEREFORE, THE PETITION MUST BE DENIED.**

6

7       A habeas petitioner whose claim was adjudicated on the merits in state courts is not entitled

8 to federal habeas relief unless he meets the requirements of 28 U.S.C. § 2254(d): (1) the

9 adjudication of the claim by the state court resulted in a decision that was contrary to, or involved

10 an unreasonable application of, clearly established Supreme Court law; or (2) the adjudication of

11 the claim by the state court resulted in a decision that was based on an unreasonable

12 determination of the facts in light of the evidence presented in the state court proceeding.

13 28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003).

14       Here, the state court adjudicated Petitioner's federal due process claims on the merits when

15 it upheld the Board's decision. (Ex. 10-12.) Both the Los Angeles County Superior Court's

16 decision, and the California Court of Appeal decision state that there was some evidence to

17 support the Board's parole denial under state law. (Ex. 10-11.) However, the superior court's

18 order is the last reasoned decision, and thus, the decision to which § 2254(d) standard of review

19 applies under the look-through doctrine explained in *Ylst v. Nunnemaker*, 501 U.S. 797, 803,

20 805-06 (1991). (Ex. 10.)

21       In describing the circumstances of Petitioner's commitment offense, the state court found

22 that there is some evidence Petitioner committed the murder in a dispassionate and calculated

23 manner. (Ex. 10.) The state court also found that Petitioner's unstable social history and his lack

24 of remorse, as demonstrated by his lack of understanding of the nature and magnitude of the

25 crime, also provide some evidence to support the parole denial. (*Id.*) Thus, the state court

26 adjudicated Petitioner's federal due process claims on the merits. (*Id.*) The "highly deferential

27 standard for evaluating state court rulings" embodied in § 2254(d) "demands that state court

28 decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002); *see*

Answer; Mem. of P.&A.

1  *also Price,* 538 U.S. at 638-43 (a federal court do not review *de novo* a claim that was

2  adjudicated on the merits in state court).

3      The state court decision finding some evidence to support the Board's decision, as it is

4  required to do under state law, is not contrary to any clearly established federal law, nor is it an

5  unreasonable application of any clearly established federal law. 28 U.S.C. § 2254(d).  To satisfy

6  the procedural due process requirements, the clearly established federal law in a discretionary

7  parole process requires only that an inmate be given an opportunity to be heard, and if denied

8  parole, be informed in what manner he fell short of qualifying for parole. *Greenholtz,* 442 U.S.

9  at 16.  There is no dispute that at the December 2005 hearing Petitioner was afforded these due

10 process protections.  (Ex. 2.)  Thus, under § 2254(d), this Court must denied the petition.

11                                         **II.**

12 **SOME-EVIDENCE IS NOT CLEARLY ESTABLISHED FEDERAL LAW, BUT
   EVEN IF IS, PETITIONER'S HABEAS PETITION MUST BE DENIED**

13 **BECAUSE THE STATE COURT FOUND THAT THERE WAS SOME
   EVIDENCE TO SUPPORT THE PAROLE DENIAL.**

14

15 **A.    The Some-Evidence Standard of Review Is Not Clearly Established Federal Law.**

16     The Ninth Circuit has held that some evidence must support a parole decision.  *See Sass,*

17 461 F.3d at 1129; *McQuillion v. Duncan,* 306 F.3d 895, 904 (9th Cir. 2002) (both holding that

18 the some-evidence standard applies to parole decisions).  These decisions are not clearly

19 established federal law because, although the Supreme Court has applied the some evidence

20 standard to a prison disciplinary hearing, it has never applied it in the context of a discretionary

21 parole decision.  *Superintendent v. Hill,* 472 U.S. 445, 457 (1985) (applying the some evidence

22 standard to prison disciplinary proceedings).

23     Because the Supreme Court developed the some-evidence standard in the context of a

24 prison disciplinary hearing, which is fundamentally different from a parole proceeding,

25 application of this standard to a parole decision cannot be clearly established federal law.  In a

26 recent decision, the Supreme Court made clear that when no Supreme Court decision squarely

27 addresses the issue at hand, it cannot be said that the state court unreasonably applied clearly

28 established federal law.  *Wright v. Van Patten,* __ S.Ct.__, 2008 WL 59980 *3-4 (Jan. 7, 2008);

Answer; Mem. of P.&A.                                    *Contreras v. Davis*
                                                         C07-3611 JF (PR)

1    *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007) (no federal habeas relief when

2    the issue is an open question in the Supreme Court precedent); *Carey v. Musladin*, __U.S.__, 127

3    S. Ct. 649, 654 (2006) (because of lack of holding from the Supreme Court regarding the

4    potentially prejudicial effect of spectators' courtroom conduct, it cannot be said the state court

5    unreasonably applied clearly established federal law).  The Ninth Circuit has also acknowledged

6    that decisions by courts other than the Supreme Court are not dispositive under 28 U.S.C. §

7    2254(d).  *Crater v. Galaza*, 491 F.3d 1119, 1126, n.8 (9th Cir. 2007).

8         The level of due process protections to which an inmate is entitled is directly related to the

9    liberty interest at stake and the nature of the decision being made. *Greenholtz*, 442 U.S. at 13-14.

10   At a disciplinary hearing, the inquiry is retrospective and factual in nature, and the prisoner faces

11   a potential loss of credits. *Id.* at 14.  A decision to parole an inmate is fundamentally different.

12   First, the level of liberty interest an inmate has in the possibility of parole is markedly different

13   from that of an inmate who is facing a loss of credits. *Wolff v. McDonnell*, 418 U.S. 539, 560-61

14   (1974) (contrasting the different interests that a parolee and a prisoner may have in the

15   deprivation of their liberty); *Greenholtz*, 442 U.S. at 13-14 (distinguishing the parole suitability

16   decision from the parole revocation and prison disciplinary decisions).  Second, a parole decision

17   is not factual in nature.  Rather, it is a predictive and subjective decision requiring discretionary

18   analysis of the inmate's suitability for release. *Greenholtz*, 442 U.S. at 9-10.  In fact, due to the

19   discretionary nature of parole decisions, the Supreme Court held that, in contrast to prison

20   disciplinary hearings, due process does not require the decision-maker to specify the evidence

21   showing that a prisoner is unsuitable for parole. *Id.* at 15.  Thus, the some-evidence standard of

22   review is not the clearly established federal law.

23        **B.    The State Court Properly Found that the Board's Decision Is Supported**
              **by Some Evidence.**

24

25        If the requirement of "some evidence" to support a Board's parole decision is clearly

26   established federal law and thus applicable to this case, the Supreme Court has held that "the

27   'some evidence' standard is minimally stringent, such that a decision will be upheld if there is

28   any evidence in the record that could support the conclusion reached by the [parole authority]."

Answer; Mem. of P.&A.                                          *Contreras v. Davis*
                                                              C07-3611 JF (PR)

8

1   *Hill*, 472 U.S. at 456. Determining whether this standard is satisfied does not require

2   examination of the entire record, independent assessment of the credibility of witnesses, or the

3   weighing of evidence. *Id.* at 455. Indeed, in examining the record, a court is not to make its own

4   assessment of the credibility of witnesses or re-weigh the evidence. *Id.* The question is whether

5   there is *any* reliable evidence in the record that could support the decision reached, and even

6   meager and indirect evidence could satisfy the some evidence standard. *Id.* at 455, 457.

7          Here, the state court determined that the Board's decision is supported by some evidence in

8   the record. (Ex. 10-12.) Although Petitioner argues the Board's reliance on the unchanging

9   circumstances of his commitment offense and conduct prior to incarceration violates his right to

10  due process, this argument fails under § 2254(d) because there is no clearly established Supreme

11  Court law that precludes the Board from relying on unchanging factors in finding an inmate

12  unsuitable for parole. *Wright*, 2008 WL 59980 *3-4; *Musladin*, 127 S.Ct. at 654; *Landrigan*, 127

13  S. Ct. at 1942. Thus, the state court decision cannot be said to be contrary to or based on an

14  objectively unreasonable application of clearly established federal law. *Williams v. Taylor*, 529

15  U.S. 362, 409, 411, 413 (2000).

16         Moreover, Petitioner cannot show, by clear and convincing evidence, that the state court

17  decision finding some evidence was based on an unreasonable determination of the facts. *Miller-*

18  *El v. Cockrell*, 537 U.S. 322, 340 (2003). Factual determinations by state courts are presumed

19  correct. *Id.* Contrary to Petitioner's allegation, the Board's December 2005 decision was

20  reached after considering all relevant, reliable information showing his suitability and

21  unsuitability for parole. (Ex. 2.)

22         The Board found that Petitioner's murder was committed in an especially cruel and callous

23  manner, in a dispassionate manner, and that the motive for the murder was trivial. (Ex. 2 at 69-

24  71.) After hearing his friends exchange gang slogans back and forth with people in another gang,

25  and seeing his friend get hit over the head with a bottle and bleeding, Petitioner grabbed a gun

26  from his car and shot the victim twice in the abdomen. (*Id.* at 13-14, 58-61; Ex. 3, Ex. 4, Ex. 5 at

27  2.) Petitioner was not in a gang, and he was not involved in the verbal and/or the physical

28  altercation, the victim was not armed with a weapon, and certainly there is no evidence the

Answer; Mem. of P.&A.

*Contreras v. Davis*
C07-3611 JF (PR)

1   victim was coming at Petitioner.  (*Id.*)  Yet Petitioner grabbed his gun out of the car and shot the

2   victim twice.  Petitioner's actions demonstrate cruelty, callousness, and dispassion in taking a life

3   when the circumstances did not warrant such an over-reaction.  And, Petitioner's actions created

4   a potential for other victims because he fired his car in a 7-Eleven parking lot.  (Ex. 2 at 69-71.)

5   Under the circumstances, the motive for the murder was also trivial in relation to the offense.  A

6   crime committed in a heinous, atrocious, or cruel manner is a circumstance showing an inmate's

7   unsuitability for parole.  Cal. Code Regs., tit. 15, § 2402(c).  And the circumstances of

8   Petitioner's murder offense show that his crime was committed in a heinous, atrocious, or cruel

9   manner.  (*See* Ex. 2 at 13-14, 58-61; Ex. 3, Ex. 4, Ex. 5 at 2.)

10      There is also some evidence that Petitioner had an unstable social history due to his prior

11   criminality and his substantial substance abuse.  (Ex. 2 at 71.)  Petitioner had prior arrests and

12   convictions for California Vehicle Code violations, and Petitioner used and abused cocaine, PCP,

13   Black Beauties, and alcohol.  (Ex. 2 at 21-22, 29; Ex. 3 at 5; Ex. 5 at 5-6.)  In fact, Petitioner was

14   under the influence of alcohol and cocaine at the time of the offense.  (*Id.*)  The Board may

15   consider all relevant, reliable information when considering Petitioner's parole suitability.  Cal.

16   Code Regs. tit. 15, § 2402(b) (all relevant, reliable information available is to be considered, such

17   as past criminal history, and any other information that bears on the prisoner's suitability for

18   parole).

19      Furthermore, there is some evidence that Petitioner's lack of insight and/or remorse makes

20   him currently unsuitable for parole.  (Ex. 2 at 71-79.)  The Board informed Petitioner that it was

21   concerned that his responses to the panel's questions show that he was minimizing his role in the

22   offense, and that he was not taking full responsibility for the murder by making excuses.  (*Id.*)

23   The Board panel felt that Petitioner had learned the "lingo within the institution," that he has

24   learned the right things to say when coming before the Board, but has not gained full insight into

25   the causative factors for the murder nor has accepted full responsibility for his actions.  (*Id.* at

26   78.)  The Board's findings as to these circumstances is supported by some evidence in the record,

27   and should be accorded deference under § 2254(d).

28   \\\

Answer; Mem. of P.&A.                                                    *Contreras v. Davis*
                                                                         C07-3611 JF (PR)

1

## CONCLUSION

2          Petitioner received all the process that he was due under clearly established Supreme Court

3   law.  Moreover, the record reflects that the Board's decision is supported by some evidence.

4   Therefore, under 28 U.S.C. § 2254(d), the state court adjudication of Petitioner's claims on the

5   merits is not contrary to, nor an unreasonable application of, clearly established federal law, and

6   the decisions were not based on an unreasonable determination of the facts.  Thus, Respondent

7   respectfully requests that the Court deny Petitioner's habeas corpus petition.

8          Dated:  January 30, 2008

9                                  Respectfully submitted,

10                                 EDMUND G. BROWN JR.
                                   Attorney General of the State of California

11                                 DANE R. GILLETTE
                                   Chief Assistant Attorney General

12
                                   JULIE L. GARLAND
13                                 Senior Assistant Attorney General

14                                 ANYA M. BINSACCA
                                   Supervising Deputy Attorney General

15

16                                 _____
                                   STACEY D. SCHESSER
17                                 Deputy Attorney General
                                   Attorneys for Respondent

18

19   40204117.wpd
20   SF2007403365

21

22

23

24

25

26

27

28

Answer; Mem. of P.&A.

*Contreras v. Davis*
C07-3611 JF (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Contreras v. Davis**

No.:          **C07-3611 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>January 30, 2008,</u> I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES (W/EXHIBITS 1-12)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Samuel Contreras
H-70748
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
    *In Pro Se*
    *H-70748*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 30, 2008, at San Francisco, California.

| | |
|---|---|
| S. Redd | *S. Redd* |
| Declarant | Signature |

40212648.wpd