# EXHIBIT 5

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO.    1

| DEFENDANT'S NAME(S) | COURT | JUDGE | COURT CASE NO. |
|---|---|---|---|
| SAMUEL REVAS CONTRERAS | NV-"H" | FARRELL | PA001712 |

| ADDRESS (ARREST/RELEASE) | HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|---|
| 5232 RIVERTON AVE.<br>NO. HOLLYWOOD, CA 91601 985-0316 | 7-11-90 | BRYAN, ADC | NISON |

| BIRTHDATE | AGE | SEX | RACE | DPO | AREA OFFICE | PHONE NO. |
|---|---|---|---|---|---|---|
| 10-10-64 | 25 | M | LATIN | | | |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE | | |
|---|---|---|---|
| MEXICAN | U1088989/REVOKED | RICHARDSON | ESFV | 374-2032 |

| PROBATION NO. | CII NO. | BOOKING NO. | TYPE REPORT |
|---|---|---|---|
| X- 326234 | A07903054 | 1752033 | **Probation and sentence** |

| DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE | |
|---|---|---|
| ☒ ESTIMATED   ☐ VERIFIED<br>210 | LA CO. JAIL | X  Pre-Conviction (131.3 CCP)<br>___  Post sentence<br>___  Diversion (Specify) _____ |

## PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

187A PC (MURDER) 1192.7C1 PC, 1203.06A1 PC, 12022.5 PC, 1192.7C8 PC
AND 12022.A PC

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

PRE-PLEA

| CONVICTED BY | DATE OF CONVICTION/REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION |
|---|---|---|
| N/A | 6-13-90 | NONE |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
| NONE | N/A |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| 12-9-89 | 11:30 PM |

| DEFENDANT: | | HOLD/WARRANTS: |
|---|---|---|
| (SEE PRIOR RECORD SECTION) | ☐ N/A   SUMMARY<br>☒☒ ON PROBATION   ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE _____<br>☐ PENDING PROBATION VIOLATION   ☐ PENDING NEW CASE<br>☐ ON PAROLE-REMAINING TIME _____ | ☐ YES ☒ NO |

## RECOMMENDATION:

☐ PROBATION   ☒ DENIAL   ☐ DIAGNOSTIC STUDY   ☐ CYA   ☐ OTHER _____

☐ COUNTY JAIL   ☐ 707.2 WIC
☒ STATE PRISON   ☐ 1203.03 PC

76P725B–Prob. 19SC (Rev. 6/85) 8/87

| PRESENT OFFENSE:<br>(CONTINUED) | SOURCES OF INFORMATION (this page)<br>D.A. FILE |
|---|---|

| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|---|---|
| 12-13-89 | 2:40 PM | SAME | 187A PC | 13915 JOUETT<br>ARLETA, CA | LAPD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| ANDRES ARELLANO | SAME | SAME |
| JOSE MORENO | " | " |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

IT IS ALLEGED THAT THE DEFENDANT DID WILLFULLY, UNLAWFULLY AND WITH MALICE AND FORETHOUGHT MURDER VICTIM OCTAVIANO HERNANDES. IT IS FURTHER ALLEGED THAT THE DEFENDANT PERSONALLY USED A FIREARM.

INVESTIGATION REVEALED THAT ON DECEMBER 9, 1989 AT APPROXIMATELY 11:30 PM VICTIM WENT TO THE 7-ELEVEN STORE LOCATED AT 12055 VANOWEN STREET IN NORTH HOLLYWOOD WITH ROBERT CRUZ AND SEBASTIAN HERNANDEZ. CRUZ WENT INTO THE STORE AND HERNANDEZ STOOD NEXT TO THE VEHICLE. THE VICTIM STAYED IN THE BACKSEAT. SHORTLY THEREAFTER THE DEFENDANT AND CODEFENDANT ARELLANO AND AN UNKNOWN SUSPECT WALKED BY THE VICTIM. CODEFENDANT ARELLANO STATED "18TH STREET" AND VICTIM REPLIED "WESTSIDE PLAYBOYS". AFTER THIS THE DEFENDANTS BEGAN ATTACKING THE VICTIM AND AT SOME POINT THE DEFENDANT SHOOTS THE VICTIM TWO TIMES WITH A .22-CALIBER REVOLVER. THE VICTIM WAS SUBSEQUENTLY TRANSPORTED TO HOLY CROSS HOSPITAL WHERE HE EXPIRED AT APPROXIMATELY 3:30 AM ON DECEMBER 9, 1989. ACCORDING TO THE CRIME REPORT THE DEFENDANT ADMITTED TO SHOOTING THE VICTIM AFTER HE WAS

-2- (CONTRERAS)

1 | BOOKED AT THE VAN NUYS JAIL.
2 |
3 |
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |

-3- (CONTRERAS)

**VICTIM:**

| SOURCES OF INFORMATION (this page) |
| --- |
| D.A. FILE |

| NAME | COUNT(S) |
| --- | --- |
| OCTAVIANO HERNANDES | ONE |

**INJURY: PROPERTY LOSS (TYPE / COST / ETC.)**

DEATH

**INSURANCE COVERAGE**

UNK.

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS<br>UNK. | RESTITUTION ALREADY MADE<br>UNK. | APPLIED FOR VICTIM RESTITUTION FUND<br>☒ UNK   ☐ YES   ☐ NO |
| --- | --- | --- | --- |

**VICTIM STATEMENT:**

THE FAMILY OF THE VICTIM HAS NO KNOWN PHONE NUMBER.

A LETTER WAS SENT TO THE FAMILY RESIDENCE REQUESTING THAT THEY

MAKE CONTACT WITH THIS OFFICER.

| RESTITUTION | TOTAL NUMBER OF VICTIMS<br>ONE | ESTIMATED LOSS TO ALL VICTIMS<br>UNK. | VICTIM(S) NOTIFIED OF P&S HEARING<br>☒ YES   ☐ NO 191.3(B) PC |
| --- | --- | --- | --- |
| DOES DEFENDANT HAVE INSURANCE<br>TO COVER RESTITUTION:<br>☐ YES   ☒☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

-4- (CONTRERAS)

_____ VICTIM LIST CONTINUES NEXT PAGE

76P725B—Prob. 19SC (Rev. 6/85)  8/87

1 | **PRIOR RECORD:**

<table>
<tr><td><strong>SOURCES OF INFORMATION (this page)</strong></td></tr>
<tr><td>CII AND JDS (6-19-90) D.A. FILE AND DEFENDANT</td></tr>
</table>

3 | AKA'S:

4 | NONE

## JUVENILE HISTORY:

INFORMATION IS NOT AVAILABLE THROUGH PROBATION DEPARTMENT INQUIRY FIVE YEARS AFTER PROBATION ACTIVITY IS TERMINATED AND DEFENDANT ADMITS NO PRIOR RECORD.

## ADULT HISTORY:

6-20-87        LAPD - 23152A&B VC, 14601.1A VC AND 12500A VC. ON 8-27-87 IN DIV. 101 THE DEFENDANT PLED NO CONTEST TO CT. 3 OF 14601.1A VC AND RECEIVED 2 YEARS SUMMARY PROBATION WITH A FINE OF $511.

7-6-89        LAPD - 23152A&B VC, 14601.1A VC AND 31 VC - CASE NUMBER 89D05886. THE DEFENDANT PLED NO CONTEST TO 23152B VC AND 14601.1A VC AND RECEIVED 3 YEARS PROBATION WITH $1,176 FINE AND 45 DAYS IN CUSTODY.

(ACCORDING TO AVAILABLE INFORMATION, THE DEFENDANT PLED NO CONTEST TO 23103 VC ON 10-7-87 IN DIV. 100 UNDER CASE NUMBER 87D06081. THE DEFENDANT RECEIVED 2 YEARS PROBATION WITH A FINE OF $409. THE DEFENDANT WAS ORIGINALLY ARRESTED IN THIS MATTER FOR 23152A&B VC.)

-5- (CONTRERAS)

76P725B-Prob. 19SC (Rev. 6/85)  8/87

**PERSONAL HISTORY:**

SOURCES OF INFORMATION (this page)
DEFENDANT

---

**SUBSTANCE ABUSE:**

_____ No record, indication, or admission of alcohol or controlled substance abuse.

_____ Occasional social or experimental use of _____ acknowledged.

__X__ See below:  Indication / admission of significant substance abuse problem.

Referred to Narcotic Evaluator  ☐ Yes  ☒ No        _____ Narcotic Evaluator's report attached

---

Additional information

THE DEFENDANT INDICATES THAT HE FIRST USED (BLACK BEAUTIES) AT THE AGE OF 13 AND DID SO ON A REGULAR BASIS. AT THE SAME TIME THE DEFENDANT STARTED DRINKING ALCOHOL AND DESCRIBES HIS CONSUMPTION AS "PRETTY BAD". HE LAST DRANK THE NIGHT OF THE PRESENT OFFENSE. THE DEFENDANT ADMITS TO OCCASIONAL MARIJUANA USAGE OVER THE YEARS LAST USING IN NOVEMBER OF 1989. FOR THE LAST TEN YEARS THE DEFENDANT HAS BEEN USING PHENCYCLIDINE (PCP) ON WEEKENDS, LAST USING APPROXIMATELY ONE MONTH BEFORE THE PRESENT OFFENSE. THE DEFENDANT STATES THAT HE HAS BEEN USING COCAINE SOME THREE TIMES PER WEEK FOR THE LAST FEW YEARS, LAST USING ON THE DAY OF THE PRESENT OFFENSE. WHILE IN CUSTODY THE DEFENDANT HAS BEEN ATTENDING NARCOTICS ANONYMOUS OR ALCOHOLICS ANONYMOUS MEETINGS APPROXIMATELY ONE TIME PER WEEK.

---

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

_____ No indication or claim of significant physical/mental/emotional health problem.

__X__ See below:  Indication / claim of significant physical/mental/emotional health problem.

-6-  (CONTRERAS)

---

76P725B—Prob. 19SC (Rev. 6/85)  8/87

1 | PHYSICAL/MENTAL/EMOTIONAL HEALTH: (CONT.)

2 |       PRIOR TO HIS INCARCERATION IN DECEMBER OF 1989

3 | THE DEFENDANT EXPLAINS THAT HE HAD HIGH BLOOD PRESSURE AND

4 | WAS RECEIVING VALIUM AND BLOOD PRESSURE MEDICATION THROUGH THE

5 | SAN MIGUEL CLINIC.

-7- (CONTRERAS)

76C692G — PROB. 5A

| PERSONAL HISTORY:<br>(CONTINUED) | SOURCES OF INFORMATION (this page)<br>DEFENDANT |
|---|---|

| RESIDENCE | TYPE RESIDENCE<br>HOUSE | LENGTH OF<br>OCCUPANCY<br>3 YEARS | ~~XXXXXXX~~/RENT<br>$200 | RESIDES WITH/RELATIONSHIP<br>2 BROTHERS AND MOTHER |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS<br>STABLE | | CAME TO STATE / FROM<br>1971/MEXICO | | CAME TO COUNTY / FROM<br>SAME |

Additional information

| MARRIAGE / PARENTHOOD | MARITAL STATUS<br>SINGLE | NAME OF SPOUSE / PRESENT COHABITANT<br>NONE |
|---|---|---|
| LENGTH OF UNION<br>N/A | NO. OF CHILDREN THIS UNION<br>N/A | SUPPORTED BY<br>N/A |
| NO. PRIOR ~~MARRIAGES~~ / COHABITATIONS<br>ONE | NO. OF CHILDREN THESE UNIONS<br>ONE | SUPPORTED BY |
| NO. OF OTHER CHILDREN<br>NONE | SUPPORTED BY<br>N/A | |

Additional information

| FORMAL EDUCATION:<br>  THE DEFENDANT INDICATES THAT HE QUIT HIGH SCHOOL IN THE 11TH GRADE. |
|---|

-8- (CONTRERAS)

76P725B—Prob. 19SC (Rev. 6/85)  8/87

| PERSONAL HISTORY:<br>(CONTINUED) | SOURCES OF INFORMATION (this page)<br>DEFENDANT |
|---|---|

| EMPLOYMENT STATUS | ☐ EMPLOYED<br>☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH<br>☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE |||
|---|---|---|---|---|---|
| | | | ☒ N/A | ☐ YES | ☐ NO |
| PRESENT/LAST EMPLOYER / ADDRESS / PHONE<br>SALVATION ARMY<br>MC CLAY STREET<br>SAN FERNANDO, CA<br><br>☐ VERIFIED   ☒ UNVERIFIED | | OCCUPATION<br>ASST. MGR. | PERIOD OF EMPLOYMENT<br>7-88 TO 12-89 | GROSS MONTHLY WAGE<br>$4.50/HR ||
| | | EMPLOYMENT STABILITY<br>LAST 5 YEARS<br>FAIR | TYPES OF PREVIOUS EMPLOYMENT<br>GAS STATION ATTENDANT<br>ASSEMBLER & MECHANIC |||

Additional information

| FINANCIAL STATUS | INCOME STABILITY<br>FAIR | | NET MONTHLY INCOME<br>$1100 | |
|---|---|---|---|---|
| PRIMARY INCOME SOURCE<br>EMPLOYMENT | SECONDARY INCOME SOURCE(S)<br>NONE | | EST. TOTAL ASSETS<br>$500 | EST. TOTAL LIABILITIES<br>NONE |

MAJOR ASSETS / ESTIMATED VALUE

AUTOMOBILE - $500

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

NONE

Additional information

GANG ACTIVITY   ☐ YES   ☐ NO        Name of Gang _____ (SEE NEXT PAGE)
-9- (CONTRERAS)

76P725B—Prob. 19SC (Rev. 6/85)  8/87

1    GANG ACTIVITY: (CONT)

2            THE DEFENDANT DENIES ANY ACTIVE INVOLVEMENT IN A

3    GANG.  HE DOES STATE HE HAS FRIENDS IN THE NORTHSIDE 18TH STREET

4    GANG.  ACCORDING TO THE POLICE INVESTIGATION, THE DEFENDANT IS

5    CONSIDERED TO BE CONSIDERED AN ACTIVE GANG MEMBER.

6    DEFENDANT'S STATEMENT:

7            NO STATEMENT WAS TAKEN FROM THE DEFENDANT

8    REGARDING THE PRESENT OFFENSE.

9    INTERESTED PARTIES:

10            DETECTIVE MIKE COFFEY, LOS ANGELES POLICE

11   DEPARTMENT OFFICER, PHONE NUMBER 989-8831, INDICATES THAT THE

12   DEFENDANT AND CODEFENDANTS ARE "HARD CORE" AND "LONG TIME"

13   GANG MEMBERS.  DETECTIVE COFFEY RECOMMENDS THE MAXIMUM AMOUNT OF

14   TIME IN STATE PRISON FOR THE DEFENDANT.  HE EXPLAINS THAT THE

15   VICTIM APPEARED TO BE A RETIRED GANG MEMBER AND WAS DRUNK IN THE

16   BACKSEAT.  HE STATES THAT THE DEFENDANT BEAT UP ON THE VICTIM

17   AND THAT THE DEFENDANT FIRED HIS WEAPON KILLING THE VICTIM.

18   EVALUATION:

19            THIS DEFENDANT'S PRIOR RECORD INCLUDES THREE

20   VEHICLE CODE CONVICTIONS, ALL ALCOHOL RELATED.  BY HIS OWN STATEMENT,

21   THE DEFENDANT HAS BEEN ABUSING BOTH ALCOHOL AND NARCOTICS/DRUGS

22   FOR A NUMBER OF YEARS AND AT NO TIME DID HE MAKE ANY EFFORT TO

23   RESOLVE THIS PROBLEM WHILE IN THE COMMUNITY.  ALTHOUGH HE HAS

        -10- (CONTRERAS)

76C692G — PROB. 5A

1  DENIED ANY PREVIOUS GANG AFFILIATION, INFORMATION INDICATES

2  OTHERWISE.   THE DEFENDANT AND CODEFENDANTS, BOTH ADMITTED

3  18TH STREET GANG MEMBERS, ALLEGEDLY BEAT UP THE VICTIM BEFORE

4  HE (DEFENDANT) PULLED OUT A WEAPON AND FIRED TWO SHOTS KILLING

5  THE VICTIM.   AS NOTED PREVIOUSLY NO STATEMENT WAS TAKEN FROM

6  THE DEFENDANT BUT ACCORDING TO THE CRIME REPORT THE DEFENDANT

7  ADMITTED TO OFFICERS THAT HE SHOT THE VICTIM.

8          SHOULD THE DEFENDANT BE CONVICTED OF THE

9  CRIMINAL CHARGE AND SHOULD THE SPECIAL ALLEGATIONS BE FOUND

10  TRUE, HE WOULD NOT BE ELIGIBLE FOR PROBATION.   THERE IS NO

11  INDICATION THAT THIS WAS A MATTER OF SELF-DEFENSE.   BECAUSE

12  OF THE DEFENDANTS' ATTITUDE TOWARDS OTHER GANGS AND THEIR

13  NEED TO SHOW THEIR "MANHOOD" AN INDIVIDUAL IS NOW DEAD.   SINCE

14  THE DEFENDANT CHOSE TO CARRY A WEAPON AND ULTIMATELY USED THAT

15  WEAPON IN THE TAKING OF HUMAN LIFE IT IS NOW TIME FOR HIM TO

16  BE HELD FULLY ACCOUNTABLE.

17          SENTENCING CONSIDERATIONS:

18          THE DEFENDANT IS NOT ELIGIBLE FOR PROBATION PURSUANT

19  TO SECTION 1203.06 OF THE PENAL CODE.

20          CIRCUMSTANCES IN AGGRAVATION ARE:

21          1.   THE DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT

22               ARE NUMEROUS AND OF INCREASING SERIOUSNESS.

23          2.   THE DEFENDANT WAS ON SUMMARY PROBATION WHEN HE
               COMMITTED THE CRIME.

    -11- (CONTRERAS)

76C692G — PROB. 5A

1           CIRCUMSTANCES IN MITIGATION:

2           NONE.

3    RECOMMENDATION:

4           SHOULD THE DEFENDANT BE CONVICTED OF THE

5    CRIMINAL CHARGE, IT IS RECOMMENDED THAT PROBATION BE DENIED AND

6    THAT THE DEFENDANT BE SENTENCED TO STATE PRISON WITH PREIMPRISONMENT

7    CREDIT OF 210 DAYS; THAT THE COURT ORDER THE DEFENDANT TO PAY A

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

-12- (CONTRERAS)

76C692G — PROB. 5A

1 | RESTITUTION FINE OF $100 AS PROVIDED IN SUBDIVISION (A) OF

2 | SECTION 13967 OF THE GOVERNMENT CODE.

3 | RESPECTFULLY SUBMITTED,

4 | BARRY J. NIDORF,
PROBATION OFFICER

5 |

6 |

7 | BY_____
RICHARD A. RICHARDSON, DEPUTY
EAST SAN FERNANDO VALLEY AREA OFFICE

8 | 374-2032

9 |

10 | READ AND APPROVED:                    I HAVE READ AND CONSIDERED
THE FOREGOING REPORT OF TH

11 |                                        PROBATION OFFICER.

12 | DENNIS S. BARRON, SDPO

13 | (SUBMITTED:  7-2-90)                  _____
(TYPED:      7-3-90)                  JUDGE OF THE SUPERIOR COUR

14 | RAR:RL (7)

15 |          IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT

16 | THE COURT DETERMINES DEFENDANT'S ABILITY TO PAY COST OF PROBATION

17 | SERVICES PURSUANT TO SECTION 1203.1B PENAL CODE.  COST OF PRESENTENCE

18 | INVESTIGATION AND PRESENTENCE REPORT - $412.00.  COST OF SUPERVISION

19 | - $28.00 PER MONTH.

20 |

21 |

22 |

23 |

-13- (CONTRERAS)

76C692G — PROB. 5A