1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL R. CONTRERAS,<br><br>   Petitioner,<br><br> vs.<br><br>J. DAVIS, et al.,<br><br>   Respondents. | No. C 07-03611 JF (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

   Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Board of Prison Terms ("the Board") to deny him parole.  The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse.  Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

///
///
///

1

**BACKGROUND**

2      In 1993, a Los Angeles Superior Court jury convicted Petitioner of second degree

3 murder with the use of a firearm (Cal. Penal Code §§ 187, 12022.5(a)).  Petitioner was

4 sentenced to seventeen years to life in state prison.  (Pet. at 2.)  Petitioner challenges the

5 Board's failure to grant parole at his December 2005 parole suitability hearing.  Petitioner

6 filed three state habeas petitions in the state superior court, state appellate court and state

7 supreme court, all of which were denied as of June 13, 2007.  Petitioner filed the instant

8 federal habeas petition on July 12, 2007.

9

10                                    **DISCUSSION**

11 **A.      <u>Standard of Review</u>**

12      This Court will entertain a petition for a writ of habeas corpus "in behalf of a

13 person in custody pursuant to the judgment of a State court only on the ground that he is

14 in custody in violation of the Constitution or laws or treaties of the United States."  28

15 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim adjudicated

16 on the merits in state court unless the state court's adjudication of the claim: "(1) resulted

17 in a decision that was contrary to, or involved an unreasonable application of, clearly

18 established federal law, as determined by the Supreme Court of the United States; or (2)

19 resulted in a decision that was based on an unreasonable determination of the facts in

20 light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

21      "Under the 'contrary to' clause, a federal habeas court may grant the writ if the

22 state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

23 question of law or if the state court decides a case differently than [the] Court has on a set

24 of materially indistinguishable facts."  <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362, 412-413

25 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the

26 writ if the state court identifies the correct governing legal principle from [the] Court's

27 decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u>

28 at 413.  "[A] federal habeas court may not issue the writ simply because that court

1  concludes in its independent judgment that the relevant state-court decision applied

2  clearly established federal law erroneously or incorrectly.  Rather, that application must

3  also be unreasonable."  Id. at 411.

4      "[A] federal habeas court making the 'unreasonable application' inquiry should

5  ask whether the state court's application of clearly established federal law was

6  'objectively unreasonable.'"  Id. at 409.  In examining whether the state court decision

7  was objectively unreasonable, the inquiry may require analysis of the state court's method

8  as well as its result.  Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).  The

9  standard for "objectively unreasonable" is not "clear error" because "[t]hese two

10  standards . . . are not the same.  The gloss of error fails to give proper deference to state

11  courts by conflating error (even clear error) with unreasonableness."  Lockyer v.

12  Andrade, 538 U.S. 63, 75 (2003).

13      A federal habeas court may grant the writ if it concludes that the state court's

14  adjudication of the claim "results in a decision that was based on an unreasonable

15  determination of the facts in light of the evidence presented in the State court

16  proceeding."  28 U.S.C. § 2254(d)(2).  The court must presume correct any determination

17  of a factual issue made by a state court unless the petitioner rebuts the presumption of

18  correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

19      Where, as here, the highest state court to consider Petitioner's claims issued a

20  summary opinion which does not explain the rationale of its decision, federal review

21  under § 2254(d) is of the last state court opinion to reach the merits.  See Ylst v.

22  Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-

23  78 (9th Cir. 2000).  In this case, the last state court opinion to address the merits of

24  Petitioner's claims is the opinion of the California Superior Court for the County of Los

25  Angeles.  (Resp. Ex. 10 (In re Samuel Contreras, Case No. BH003946, Feb. 14, 2007).)

26  B.  **Legal Claims and Analysis**

27      As grounds for federal habeas relief, Petitioner alleges: (1) the Board's denial of a

28  parole date for the fourth time based on Petitioner's conduct prior to imprisonment to

justify denial of parole violates Petitioner's liberty interest in parole and expectation in receiving a parole date in violation of due process of law under the Fourteenth Amendment; (2) the commitment offense does not rise to the level of "especially heinous atrocious or cruel manner" to justify a parole denial for the fourth time; and (3) there is no evidence to support the finding that Petitioner has an unstable social history or that Petitioner is a "current" risk to be paroled.  (Pet. at 6-A.)

The Ninth Circuit has determined that a California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings.  See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979)).  See also Irons v. Carey, 505 F.3d 846, 851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune, 334 F.3d 910, 915-16 (9th Cir. 2003).

A parole board's decision must be supported by "some evidence" to satisfy the requirements of due process.  Sass, 461 F.3d at 1128-29 (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)).  The standard of "some evidence" is met if there was some evidence from which the conclusion of the administrative tribunal may be deduced.  See Hill, 472 U.S. at 455.  An examination of the entire record is not required, nor is an independent assessment of the credibility of witnesses nor weighing of the evidence.  Id.  The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board.  See id.  Accordingly, "if the Board's determination of parole suitability is to satisfy due process there must be some evidence, with some indicia of reliability, to support the decision."  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

When assessing whether a state parole board's suitability determination was

1    supported by "some evidence," the court's analysis is framed by the statutes and

2    regulations governing parole suitability determinations in the relevant state.  Irons, 505

3    F.3d at 850.  Accordingly, in California, the court must look to California law to

4    determine the findings that are necessary to deem a prisoner unsuitable for parole, and

5    then must review the record in order to determine whether the state court decision

6    constituted an unreasonable application of the "some evidence" principle.  Id.

7        California Code of Regulations, title 15, section 2402(a) provides that "[t]he panel

8    shall first determine whether the life prisoner is suitable for release on parole.  Regardless

9    of the length of time served, a life prisoner shall be found unsuitable for and denied

10   parole if in the judgment of the panel the prisoner will pose an unreasonable risk of

11   danger to society if released from prison."  Cal. Code of Regs., tit. 15, § 2402(a).  The

12   regulations direct the Board to consider "all relevant, reliable information available."

13   Cal. Code of Regs., tit. 15, § 2402(b).  Further, the regulations enumerate various

14   circumstances tending to indicate whether or not an inmate is suitable for parole.  Cal.

15   Code of Regs., tit. 15, § 2402(c)-(d).[1]

16       Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v.

17   Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th. Cir.

18   2008), which presented a state prisoner's due process habeas challenge to the denial of

19   parole.  The panel opinion concluded that the gravity of the commitment offense had no

20   predictive value regarding the petitioner's suitability for parole and held that the

21

22       [1] The circumstances tending to show an inmate's unsuitability are: (1) the
23   commitment offense was committed in an "especially heinous, atrocious or cruel
     manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual
24   offenses; (5) psychological factors such as a "lengthy history of severe mental problems
     related to the offense;" and (6) prison misconduct.  Cal. Code of Regs., tit. 15, § 2402(c).
25   The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social
     history; (3) signs of remorse; (4) commitment offense was committed as a result of stress
26   which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7)
27   age is such that it reduces the possibility of recidivism; (8) plans for future including
     development of marketable skills; and (9) institutional activities that indicate ability to
28   function within the law.  Cal. Code of Regs., tit., 15 § 2402(d).

1   governor's reversal of parole was not supported by some evidence and resulted in a due

2   process violation.  512 F.3d at 546-47.  The Ninth Circuit has not yet issued an en banc

3   decision in <u>Hayward</u>.

4          Unless or until the en banc court overrules the holdings in <u>Biggs</u>, <u>Sass</u>, and <u>Irons</u>, it

5   remains the law in this circuit that California's parole scheme creates a federally

6   protected liberty interest in parole and therefore a right to due process, which is satisfied

7   if some evidence supports the Board's parole suitability decision.  <u>Sass</u>, 461 F.3d at 1128-

8   29.  These cases also hold that the Board may rely on immutable events, such as the

9   nature of the conviction offense and pre-conviction criminality, to find that the prisoner is

10  not currently suitable for parole.  <u>Id.</u> at 1129.  <u>Biggs</u> and <u>Irons</u> also suggest, however, that

11  over time, the commitment offense and pre-conviction behavior become less reliable

12  predictors of danger to society such that repeated denial of parole based solely on

13  immutable events, regardless of the extent of rehabilitation during incarceration, could

14  violate due process at some point after the prisoner serves the minimum term on his

15  sentence.  <u>See</u> <u>Irons</u>, 505 F.3d at 853-54.  The Court notes that Petitioner had not yet

16  served his minimum term on his sentence at time of the parole suitability hearing at issue.

17         The Board's decision denying parole in this case was based upon its review of the

18  number and nature of the commitment offenses, Petitioner's prior criminal and social

19  history, and Petitioner's behavior and programming during imprisonment.  (Resp't Ex. 2

20  at 5-6.)  The Board concluded that Petitioner was "not suitable for parole and would pose

21  an unreasonable risk of danger to society, or a threat to public safety if released from

22  prison at this time."  (<u>Id.</u> at 69.)  The Board observed that the commitment offense was

23  carried out "in an especially cruel and callous manner," and "carried out in a

24  dispassionate manner."  (<u>Id.</u>)  Petitioner shot the victim twice in the abdomen as he fought

25  with another individual who had accompanied Petitioner to a 7-Eleven store to purchase

26  alcohol.  (<u>Id.</u>)  The record reflected that Petitioner, upon observing the altercation, went to

27  his vehicle, retrieved a loaded handgun which he kept in the vehicale, and used it on the

28  victim, resulting in his death.  (<u>Id.</u>)  The Board found that the motive for the crime was

very trivial in relationship to the offense "in that it was a gang-related incident which

resulted in a physical altercation between two individuals." (Id. at 70.)  Another factor in

the Board's decision was that the crime created the potential for other victims as it

occurred in the parking lot of a 7-Eleven, where a stray bullet could have hit another

individual had Petitioner missed the victim. (Id.)  The Board also considered Petitioner's

unstable social history and prior-criminality, which involved "arrests and/or convictions

for a variety of vehicle code violations," *i.e.*, reckless driving, driving with a suspended

license, and driving without a valid license. (Id. at 71.)  Furthermore, the Board found

that Petitioner, starting at a young age, had a history of substance abuse involving

cocaine, PCP, marijuana, Black Beauties, and alcohol. (Id.)  Finally, the Board took into

consideration Petitioner's failure to accept full responsibility for the crime by minimizing

his actions and making excuses for his behavior. (Id. at 77.)

 The Board acknowledged the presence of several factors tending to show

suitability: Petitioner's most recent psychological report which was supportive of release

as long as Petitioner remained substance free, (id. at 72); Petitioner had very good parole

plans, (id. at 74); Petitioner had completed a variety of vocations while incarcerated, (id.

at 75); and Petitioner had not received any disciplinary actions during his imprisonment,

(id. at 79).  The Board concluded that although Petitioner was "on the right course," these

positive aspects did not outweigh the factors against unsuitability. (Id. at 81.)

 In its order denying habeas relief, the state superior court determined that the

record contained some evidence to support the Board's finding that Petitioner was

unsuitable for parole.  The court made the following observations:

> The record further reflects that the Board found [Petitioner]
> unsuitable for parole after a parole consideration hearing held on December
> 15, 2005.  The Board denied [Petitioner] parole for two years.  The Board
> concluded that [Petitioner] was unsuitable for parole and would pose an
> unreasonable risk of danger to society and a threat to public safety if
> released from prison.  The Board based its decision on several factors,
> including his commitment offense.  The Court finds that there is some
> evidence to support the Board's findings that the offense was carried out in
> a dispassionate and calculated manner.  (Citation omitted.)
>  The record reflects that the Board also relied on several additional
> factors in denying [Petitioner] parole at this time, and there is some

1

2

3

4

    evidence to support that decision.  There is some evidence that [Petitioner]
    is unsuitable due to [Petitioner's] unstable social history and [Petitioner's]
    lack of remorse, as demonstrated by [Petitioner's] lack of understanding of
    the nature and magnitude of his crime.  (Citation omitted.)  The Board was
    acting within its authority when it considered [Petitioner's] various
    preconviction and postconviction factors, yet concluded that he would pose
    an unreasonable threat to public safety.  (Citation omitted.)

5

(Resp. Ex. 10 at 2.)

6

7

8

9

10

11

12

13

14

15

16

       As noted by the state court, the Board denied Petitioner parole not only because of the nature and circumstances of Petitioner's commitment offense but also because of Petitioner's unstable social history and lack of remorse.  The Board properly considered the nature of Petitioner's commitment offense in its decision to deny parole.  See In re Rosenkrantz, 29 Cal. 4th 616, 682-83 ("the [Board] properly may weigh heavily the degree of violence used and the amount of viciousness shown by a defendant").  Beyond the commitment offense, the Board found other evidence that Petitioner remained an "unreasonable risk of danger to society if released from prison."  Cal. Code of Reg., tit. 15, § 2402(a); see supra at 6-7.  Accordingly, the Board's findings are supported by "some evidence," and the evidence underlying the Board's decision has some "indicia of reliability."  Biggs, 334 F.3d at 915 (citing McQuillion, 306 F.3d at 904).

17

18

19

20

21

22

23

24

25

26

27

       Petitioner claims that the commitment offense does not rise to the level of "especially heinous atrocious or cruel manner" to justify a parole denial.  After an independent review of the record, the state court found that after Petitioner's friend was hit on the head with a bottle, Petitioner "went to his vehicle to retrieve his gun and shot the victim twice in the abdomen, causing his death."  (Id. at 2.)  Based on these facts, the state court found that there was "some evidence to support the Board's findings that the offense was carried out in a dispassionate and calculated manner."  (Id.)  The state court properly used the commitment offense as a factor tending to show unsuitability for parole and, together with the other factors previously discussed, constituted some evidence supporting the Board's decision to deny parole.  See Sass, 469 F.3d at 1129; see also Irons, 505 F.3d at 665.

28

       This Court concludes that Petitioner's right to due process and liberty interest were

1   not violated by the Board's decision to deny parole.  The state courts' decisions were not

2   contrary to, or an unreasonable application of, clearly established Supreme Court

3   precedent, nor were they based on an unreasonable determination of the facts in light of

4   the evidence presented.  See 28 U.S.C. § 2254(d)(1), (2).

5

6                                          **CONCLUSION**

7           The Court concludes that Petitioner has failed to show any violation of his federal

8   constitutional rights in the underlying state court proceedings and parole hearing.

9   Accordingly, the petition for writ of habeas corpus is DENIED.

10          IT IS SO ORDERED.

11  Dated:   ___8/21/09_____          _____

12                                                   JEREMY FOGEL
                                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.07\Contreras03611_denyHC-parole.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


SAMUEL CONTRERAS,

              Petitioner,

  v.

J. DAVIS, et al.,

              Respondents.
_____/

Case Number: CV07-03611 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ____8/25/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Samuel R. Contreras H-70748
C.T.F. Central
P.O. Box 689
F #119 low
Soledad, CA 93960-0689


Dated: ____8/25/09_____

                                Richard W. Wieking, Clerk